ROBERT H. HALEY and DONNA S. (HALEY) CARLSON, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent. RONALD D. CARLSON and PATRICIA A. CARLSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Haley v. Commissioner
Docket Nos. 2997-74, 3562-74
United States Tax Court
T.C. Memo 1976-374; 1976 Tax Ct. Memo LEXIS 33; 35 T.C.M. (CCH) 1695; T.C.M. (RIA) 760374; December 6, 1976, Filed Robert H. Haley, pro se, in Docket No. 2997-74 Philip J. Erbacher, for the petitioners in Docket No. 3562-74 Larry K. Akins, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioners' Federal *34 income taxes: Docket
Taxable Petitioners
No.
Year
Deficiency
Robert H. Haley and
2997-74
1970
$293.09
Donna S. (Haley)
Carlson
1971
297.00
Ronald D. and
3562-74
1970
288.82
Patricia A. Carlson
1971
262.68
These two cases were consolidated because they present the same issue. The sole issue is which parent, the custodial parent Donna S. (Haley) Carlson, who filed a joint return with her former husband Robert H. Haley in 1970 and 1971, or the noncustodial parent Ronald D. Carlson, who filed a joint return with his wife Patricia A. Carlson for the years 1970 and 1971, is entitled to claim two minor children as dependency exemptions for the years 1970 and 1971. FINDINGS OF FACT Petitioners in Docket No. 2997-74, Robert H. Haley (hereinafter Robert) and Donna S. (Haley) Carlson (hereinafter Donna), resided in Lenexa, Kansas, and Shawnee, Kansas, respectively, at the time they filed their petition in this case. Robert and Donna were husband and wife during 1970 and 1971, and they filed joint Federal income tax returns for those years with the internal revenue service center in Austin, Texas. Petitioners in Docket No. 3562-74, Ronald *35 D. Carlson (hereinafter Ronald) and Patricia A. Carlson, husband and wife, resided in Kansas City, Missouri, at the time they filed their petition in this case. They filed joint Federal income tax returns for the years 1970 and 1971 with the internal revenue service center in Kansas City, Missouri. Patricia Carlson is a petitioner herein solely by reason of having filed joint returns with Ronald, and therefore reference will be made solely to Ronald, the noncustodial parent. Prior to October, 1964, Donna had been married to Ronald. While married, they had two children, Donald Dean, born April 1958 and Stephanie Sue, born June 4, 1959. On or about October 21, 1964, Donna was granted a divorce from Ronald in the Circuit Court of Jackson County, Missouri. Pursuant to the terms of the divorce decree, Donna was to have custody of the minor children. Ronald was ordered to pay as support for these children the sum of $15 per child per week for a total of $30 per week. In 1970 and 1971, Ronald paid, pursuant to the order of the Circuit Court, child support payments to Donna for Donald and Stephanie in the amounts of $1,430 and $1,518.14, respectively. On July 16, 1965, the Circuit *36 Court of Jackson County entered an order giving Ronald visitation privileges with Donald and Stephanie from 6 p.m. Friday to 6 p.m. the following Sunday, the second week in each month, commencing in the month of August 1965. Aside from occasional weekend visits, Donald and Stephanie spent 20 days with Ronald in July of 1970, and 10 days with Ronald in August of 1971. During the first 3 months of 1970, Donna and the two children lived together in Kansas City, Kansas. On March 20, 1970, Donna married Robert, and she and the two children moved into the two bedroom apartment occupied by Robert and his daughter, Sandra. On April 5, 1970, Robert and Donna rented a house where they lived with their three children until late October 1971. Robert and Donna purchased a home in November 1971, which they also occupied with their three children. In the year 1970, the total support of Donald and Stephanie was $2,185.33 and $2,028.07, respectively. Ronald furnished $785.16 of Donald's total support and $748.50 of Stephanie's total support. Robert and Donna furnished $1,400.17 for Donald's total support and $1,279.57 for Stephanie's total support. The total support of each child and the *37 amounts contributed by Ronald, and Robert and Donna, together are reflected below: 1970
Donald
Stephanie
Housing, Utilities
$575.87
$575.87
Food: Furnished by Donna
662.00
662.00
Furnished by Ronald
18.80
18.80
Clothing: Furnished by Donna
200.00
200.00
Furnished by Ronald
41.16
Medical
54.96
54.97
Entertainment: Transportation
70.80
86.40
Football Fees
21.00
Physical to Play Football
12.00
Softball Fees
10.00
Uniform Football
60.00
Uniform Basketball
12.00
Roller Skating
62.50
62.50
Softball Glove
8.00
Allowance
60.00
55.00
Fireworks
3.33
3.33
School Expenses: Supplies
46.00
46.00
Lunches
85.50
85.50
Tuition
10.00
10.00
Gifts: Minibike
44.21
Walkie-Talkies provided by Ronald
10.20
Christmas
100.00
100.00
Birthday
25.00
25.00
Records provided by Ronald
4.50
Sleeping Bag provided by Ronald
10.20
Swimming Pool Membership
10.00
10.00
Total Support
$2185.33
$2028.07
Support Contributed by Ronald: Child Support Payments
$715.00
$ 715.00
Clothes
41.16
Food
18.80
18.80
Walkie-Talkies
10.20
Records
4.50
Sleeping Bag
10.20
$785.16
$748.50
Support Contributed by Robert and
Donna: $1400.17
$1279.57
*38 In the year 1971, the total support of Donald and Stephanie was $2,102.06 and $2,095.78, respectively. Ronald furnished $844.97 of Donald's total support and $824.35 of Stephanie's total support. Robert and Donna furnished $1,257.09 for Donald's total support and $1,271.43 for Stephanie's total support. The total support of each child and the amounts contributed by Ronald, and Robert and Donna, together are reflected below: 1971
Donald
Stephanie
Housing, Utilities
$527.87
$527.87
Food: Furnished by Donna
662.00
662.00
Furnished by Ronald
9.30
9.30
Clothing: Furnished by Donna
200.00
200.00
Furnished by Ronald
20.63
Medical
92.90
57.18
Entertainment: Transportation
54.00
129.60
Football Fees
21.50
Softball Fees
10.00
Roller Skating
62.50
62.50
Allowance
82.75
75.00
Fireworks
3.33
3.33
Bicycle Seat
8.21
Records
1.92
Miscellaneous
10.10
10.10
School Expenses: Supplies
46.00
46.00
Tuition
17.00
17.00
Lunches
93.00
93.00
Gifts: Gifts of Clothes from Ronald
19.97
19.98
Transistor Radio from Ronald
36.00
36.00
Swimming Pool Membership
10.00
10.00
Christmas
100.00
100.00
Birthdays
25.00
25.00
Total Support
$2102.06
$2095.78
Support Contributed by Ronald: Child Support Payments
$759.07
$759.07
Clothes
20.63
Food
9.30
9.30
Gift
19.97
19.98
Radio
36.00
36.00
$844.97
$824.35
Donald
Stephanie
Support Contributed by Robert and
Donna: $1257.09
$1271.43
*39 Both Donna and Ronald claimed the two minor children as dependents on joint returns filed with their new spouses. Respondent denied these dependency exemptions to both parties. ULTIMATE FINDING OF FACT Robert and Donna, the custodial parents, clearly established that they furnished over one-half of the total support for Donald and Stephanie in each of the years 1970 and 1971. OPINION The only question presented is whether Robert and Donna, the custodial parents or Ronald, the noncustodial parent, is entitled to the two dependency exemptions. Section 152(e)(1) [1] provides that the children of divorced parents will, in general, be treated as the dependents of the parent having the custody of the children. Section 152(e)(2) provides two statutory exceptions to this general rule, only the second of which is in issue here. Section 152(e)(2)(B) provides that the noncustodial parent will be entitled to the deduction if: (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not *40 clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. Since Ronald contributed in excess of $1,200 in support of the two minor children, the burden is on Donna and Robert to "clearly establish" that they provided more support for the two children than Ronald. In affd. we determined that the statutory phrase "clearly establish" as used in section 152(e)(2)(B)(ii) required the custodial parent to show by a clear preponderance of the evidence that he provided a greater amount of support than the noncustodial parent. We believe that Robert and Donna have met their burden here. Both Robert and Donna testified at trial, and we find them to be very credible witnesses. They frequently supported their testimony with documentary evidence. Many of their expenditures had been stipulated to and agreed upon by all the parties to the controvery. Based on the entire record, it has been clearly established that *41 Robert and Donna provided substantially more than half of the support for each child. Moreover, we recognize the difficulty of the custodial parent in establishing the precise amount of support, since there are a large number of small day-to-day expenditures which go unrecognized. This makes it even more likely that Robert and Donna contributed some measure of support greater than we could take cognizance of in our findings. In contrast to Robert and Donna, Ronald was unable to show any more support items than are reflected in our findings. Accordingly, we hold that Robert and Donna are entitled to the two dependency exemptions for 1970 and 1971. Decision will be entered for petitioners in Docket No. 2997-74. Decision will be entered for respondent in Docket No. 3562-74. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩